Howard T. Hogan, J.
In this tax certiorari proceeding, the petitioner applies for an order directing the respondent to submit a written answer to the petition.
Section 712 of the Real Property Tax Law provides in part that the respondent “ shall serve a verified answer upon the petitioner " * * however * * * if the respondent fails to serve such answer within the required time, all allegations of the petition shall be deemed denied.” These provisions, as they were formerly contained in subdivision 1 of section 292 of the Tax Law, were thoroughly discussed in Matter of New York Cent. R. R. Co. v. Donnelly (8 A D 2d 65, mot. for rearg. den. 8 A D 2d 999), wherein the Appellate Division, Fourth Department, directed the service of an answer. The two dissenting Justices agreed with Special Term that such direction was contrary to the “ simple modern procedure ” contemplated by the provision.
The majority, however, found (p. 67) that the “deemed denial ” section “ was intended for the benefit of the petitioner; it enabled him to expedite the proceeding, if he was willing to forego any advantage he might obtain by insisting upon an answer and thereby eliciting admissions or narrowing the issues. It was not intended to deprive him of any right.”
*976 The desirability of the holding of that case is shown in section 4:23 of Review and Reduction of Real Property Assessments by Lee and LePorestier (pp. 90, 91) where the authors state: “ This device of requiring the assessing unit to answer might well prove useful in some cases, as, for instance, ascertaining the issues, if any, as to preliminary procedures
This court will not construe this remedial statute so as to deprive the petitioner of the opportunity for eliciting admissions or ascertaining and narrowing the issues. The logic and the holding of the Fourth Department case is persuasive and sound. Accordingly, the motion is granted.